## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter "Agreement") is executed this _____ day of _____ 2016, by **Enrique Gonzalez** (hereinafter "Plaintiff"), and **Richard and Rice Construction, Inc., Murray C. Rice, and Gaetan Richard**, its principals, agents, servants, officers, directors, managers, employees, predecessors, parents, subsidiaries, affiliates, divisions, partners and successors (hereinafter collectively referred to as "Defendants"). The individuals executing this Agreement on behalf of Defendant Richard and Rice Construction, Inc. have all requisite capacity, power and authority to execute and bind Defendants to this Agreement, and to perform all obligations hereunder.

**WHEREAS**, Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act's overtime and minimum wage requirements; breach of contract; and discrimination based on national origin pursuant to the Florida Civil Rights Act. See United States District Court Southern District of Florida, Case No.: 1:15-cv-21856-UU (hereinafter "Complaint").

**WHEREAS**, Defendants deny liability with respect to any and all claims set forth in the Complaint, and;

**WHEREAS**, the parties to this Agreement nonetheless desire to settle and compromise all claims set forth in the Complaint, and desire to enter into this Agreement in full settlement and discharge of all claims which are, or might have been the subject of pending or future litigation between the parties upon the terms and conditions set forth below;

**NOW, THEREFORE,** in consideration of the foregoing mutual promises herein set forth, and of other good and valuable consideration, the sufficiency of which is hereby acknowledged, it is agreed as follows:

1. **Settlement Proceeds:** Defendants shall pay Fifty Thousand Dollars and 00/100 ($50,000) in full and final settlement of all claims brought and all claims that could have been brought by Plaintiff against Defendants, to be paid within thirty (30) days of approval from the Court of this settlement. Defendants will mail or deliver the settlement proceeds to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, FL 33130. The settlement amounts are to be drafted as follows:

    A. Defendants shall issue one check made payable to Enrique Gonzalez in the amount of $14,589.50 representing alleged overtime wages. This amount shall be treated as wages with the applicable taxes and legal deductions made, and a W-2 Form shall be issued.

    B. Defendants shall issue one check made payable to Enrique Gonzalez in the amount of $14,589.50 representing alleged liquidated damages. A Form 1099 shall be issued;

  C. Defendants shall issue one check made payable to Remer & Georges-Pierre PLLC in the amount of $20,821.00 representing attorneys' fees and costs. A Form 1099 shall be issued.

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs as provided for under the FLSA and Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to the attorneys is in full and final satisfaction of any claim for attorneys' fees and costs under the Fair Labor Standards Act. Moreover, the Parties understand and agree that any tax consequences arising from the payment described herein to Plaintiff shall be the sole responsibility of Plaintiff.

In the event a payment is not timely received, Plaintiff will provide written notice to Defendants' counsel via email at afillipi@kelleykronenberg.com and Defendants will have five (5) calendar days to cure. If Plaintiff has not received payment upon the expiration of this five (5) calendar day period, Plaintiff shall immediately be entitled to a consent judgment against Defendants, for all unpaid portions of the settlement funds for which interest shall accrue on the unpaid portion at the rate of 4.75% annually, as detailed in Florida Statute Section 55.03(1).

  2. **Indemnification:** Plaintiff shall defend, save harmless and indemnify Defendants against any claim or demand or other legal action, whether groundless or otherwise, arising out of this payment.

  3. **Dismissal of Complaint:** The parties acknowledge that approval of this Agreement by the Court is a prerequisite to its validity. The parties agree that the Agreement shall not become effective or enforceable until the Court approves the Agreement and enters the Final Judgment of Dismissal. The parties agree that the Court may retain jurisdiction to enforce the terms of this Agreement. The United States District Court for the Southern District of Florida shall retain continuing jurisdiction to enforce the terms and conditions of this settlement, but should such court refuse or fail to exercise such jurisdiction the Circuit Court of the Eleventh Judicial Circuit of Florida shall be the agreed and exclusive alternative forum for enforcement proceedings. Within five (5) business days of the execution of this agreement, Plaintiff shall file a Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, which shall specify that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the Settlement Agreement and General Released entered into by the Parties. The effectiveness of the Parties' Stipulation for Dismissal shall be conditioned upon the Court's entry of an Order retaining jurisdiction to enforce the terms of this settlement agreement.

  4 **Plaintiff's Release of Claims:** In consideration for the payments and undertakings described in this Agreement, Plaintiff releases and waives ***any and all claims*** that he might possibly have against the Defendants, their respective principals, shareholders, agents, servants, officers, directors, managers, employees, predecessors, parents, subsidiaries, affiliates, and successors.  In legal terms, this means that, individually, and on behalf of his representatives, successors, and assigns, Plaintiff hereby completely releases and forever discharges Defendants

from all claims, rights, demands, actions, obligations, and causes of action of any and every kind, nature and character, known or unknown, which Plaintiff may now have or has ever had against Defendants. This release covers all statutory, common law, constitutional and other claims, ***including but not limited to***:

    a.    any and all claims for wrongful discharge;

    b.    any and all claims relating to any contract of employment, express or implied, or breach of the covenant of good faith and fair dealing, express or implied;

    c.    any and all tort claims of any nature, including, but not limited to, claims for negligence, defamation, misrepresentation, fraud, or negligent or intentional infliction of emotional distress;

    d.    (a) any and all civil rights claims, including, but not limited to, those arising under **Title VII of the Civil Rights Act of 1964, as amended,** 42 U.S.C. §2000e et seq., **Sections 1981 and 1983 of the Civil Rights Act of 1866, The Florida Civil Rights Act of 1992,** Fla. Stat. §760.10 and similar county, city and/or local ordinances that prohibit discrimination in employment based on protected classes (i.e., race, color, national origin, disability, ancestry, religion, marital status or sex); (b) **The Equal Pay Act of 1963,** 29 U.S.C. § 206 (d); (c) **The Americans with Disabilities Act of 1990, as amended,** 42 U.S.C. § 12101 et seq.; (d) **The Employee Retirement Income Security Act of 1974, as amended;** 29 U.S.C. § 1001 et seq.; (e) **The Fair Labor Standards Act of 1938,** 29 U.S.C. § 201 et seq.; (f) **The Family and Medical Leave Act of 1993,** 29 U.S.C. § 2601 et seq.; (g) **Florida's Whistle Blower Act,** Fla. Stat. § 448.101; (h) any claim grounded on an alleged violation of **Florida's Drug Free Workplace Act,** Fla. Stat. § 440.102 (5); (i) **Florida's Workers' Compensation Law,** Fla. Stat. §440.205, prohibiting, inter alia, retaliatory discharge; (j) **The Florida and Federal constitutions;** and (k) any other law whether federal, state or local, or any common law cause of action, prohibiting and/or providing recourse for, without limitation, discrimination in employment, retaliation, conspiracy, tortious or wrongful discharge, breach of an express or implied contract, breach of a covenant of good faith and fair dealing, wrongful discharge, intentional and/or negligent infliction of emotional distress, defamation, misrepresentation or fraud, negligence, negligent supervision, hiring, or retention, assault, battery, detrimental reliance, or any other offense sounded in tort, physical or personal injury, or claims relating to salary, commission, compensation and/or benefits.

    5.    **Non-Disparagement:**  The Parties agree that they will not communicate to any person or persons any information or opinion which could be construed as a negative comment about the other or about any of Defendants' officers, directors, managers, employees, agents, or representatives, or which may have the effect of placing said parties in a negative or unflattering light. In the event that a prospective employer requests an employment reference for Plaintiff, the

parties agree that Defendants will provide only dates of employment, and/or positions held, and/or rates of pay.

6. **Waiver of Right to Apply:** Plaintiff hereby waives and releases any right or claim which he may have to employment or any working relationship with Defendants. Plaintiff hereby agrees that he will not apply for, accept or otherwise seek employment with Defendants or any of its affiliated entities.

7. **No Claims:** Plaintiff represents that, prior to the date of execution of this Agreement, he has not filed or caused to be filed against Defendants, any other action in any administrative agency, court or other forum, concerning any matter involving the Defendants.

8. **Interpretation and Construction of Agreement**: This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, both substantive and remedial. The failure of any provision of this Agreement shall in no manner affect the right to enforce the same, and the waiver by any party of any breach of any provision of this Agreement shall not be construed to be a waiver of such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

9. **No Admission of Liability:** By entering into this Agreement, Defendants is not admitting to any liability, wrongdoing or legal violation whatsoever with regard to any claims released herein. Defendants expressly deny any and all such liability and wrongdoing.

10. **Modifications**: This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

11. Should any party to this Agreement be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

12. **Complete and Voluntary Agreement**: Plaintiff acknowledges that he has read and understands this Agreement; that he has had the opportunity to seek legal counsel of his own choosing and to have the terms of the Agreement fully explained to him; that he is not executing this Agreement in reliance on any promises, representations or inducements other than those contained herein; and that he is executing this Agreement voluntarily, free of any duress or coercion. Plaintiff specifically understands that by entering into this Agreement, he is forever foreclosed from pursuing any of the claims he has waived in paragraph 4 above. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

13. **Savings Clause:** Should any of the provisions of this Agreement be determined to be invalid or unenforceable by a court or government agency of competent jurisdiction, it is agreed that such determination shall not affect the enforceability of the other provisions herein.

14. **Scope of Agreement:** This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the Parties have carefully read this Settlement Agreement and sign the same of their own free will. This Agreement constitutes the entire understanding of the parties on the subjects covered. Except as expressly provided here, this Agreement supersedes and renders null and void any and all prior agreements between Plaintiff and Defendants.

15. This Agreement may be signed in counterparts, fax and email copies to be considered original.

**PLAINTIFF FURTHER STATES THAT HE HAS CAREFULLY READ THIS AGREEMENT, IT HAS BEEN FULLY EXPLAINED TO HIM, THAT HE HAD THE OPPORTUNITY TO HAVE IT REVIEWED BY AN ATTORNEY, AND THAT HE FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT, AND THAT THE ONLY PROMISES MADE TO HIM TO SIGN THE AGREEMENT ARE THOSE STATED IN THE AGREEMENT, AND THAT HE IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING DEFENDANTS OF ALL CLAIMS.**

**\*\*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK\*\***
**\*\*SIGNATURES ON NEXT PAGE\*\***

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed.

Defendant, Richard & Rice Construction Company, Inc.

_[signature]_

Print Name: Gaetan F. Richard

Title: President

Date: 3/8/16

Plaintiff, Enrique Gonzalez

X _[signature]_

XDate: 3/1/2016

Defendant, Murray C. Rice

_[signature]_

Date: 3/8/16

Defendant, Gaetan F. Richard

_[signature]_

Date: 3/8/16

6